UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TYRONE HULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00443-TWP-TAB |
| | ) | |
| LEE, | ) | |
| FREDRICKS, | ) | |
| ANDERSON, | ) | |
| CLASSIFICATION, | ) | |
| GREEN, | ) | |
| JOHN WANANUNU, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Tyrone Hull is a prisoner currently incarcerated at Indiana State Prison. While previously housed at New Castle Correction Facility, he fell trying to climb a flight of stairs while on crutches prescribed for an injured knee. He filed this civil action alleging the defendants failed to take any action which would have prevented the fall.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Hull injured his knee while playing basketball during recreation time on August 13, 2021. At the time he was injured, he was housed on the top range and on a top bunk at New Castle Correctional Facility.

He was seen by Nurse Green who provided crutches and an ace bandage, told Mr. Hull not to place any weight on his right leg, and referred him for an x-ray and doctor visit. Nurse Green also prescribed pain medication, but Mr. Hull never received it. Mr. Hull requested to be moved to a bottom range and bottom bunk, but Nurse Green did not make any efforts to have Mr. Hull relocated.

Sgt. Lee observed Mr. Hull struggling to go up and down the stairs with crutches. Mr. Hull requested assistance with a cell and bed move, but Sgt. Lee said there was nothing he can do, even though Mr. Hull has personally witnessed Sgt. Lee completing bed moves in the past.

The next day, Mr. Hull fell down a flight of steps while attempting to use his crutches.  He injured his right shoulder, right hip and re-injured his right knee causing extreme pain. Dkt. 1 at p. 4.

Even after he fell, Mr. Hull was not relocated to a bottom range or bottom bunk. Instead, he continued to struggle up and down the stairs. He had to sit and pull himself up which caused pain. Mr. Hull requested assistance from Officer Fredricks, Sgt. Anderson, and "Classification," but his requests were denied.

Mr. Hull further alleges that Dr. Wananunu delayed examining him for 16 days. When he was finally seen by the doctor, the only treatment that was provided was an x-ray. Dkt. 1 at p. 6.

### III. Discussion of Claims

The claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation omitted).

The constitutional provision implicated by Mr. Hull's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, any claims against defendant "classification" must be **dismissed** because "classification" is a department and not a person subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 493 U.S. 58, 65 – 66 (1989).

Second claims against Dr. Wananunu are dismissed because there is no allegation that he was responsible for scheduling Mr. Hull for medical treatment or that he was otherwise responsible

for the delay. Nor is there any allegation that the delay resulted in any further injury. Finally, there is no allegation that additional treatment for Mr. Hull's knee was needed after his visit with Dr. Wananunu. Under these circumstances, the allegations against the doctor are insufficient to state a claim of deliberate indifference.

The claim that Sgt. Lee, Correctional Officer Fredricks, Sgt. Anderson, and Nurse Green violated Mr. Hull's Eighth Amendment rights by failing to take any action to have him relocated to a bottom bunk or bottom range while he was prescribed crutches shall proceed. These claims are brought against the defendants in their individual capacities for money damages.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 10, 2022,** in which to identify those claims.

The **clerk is directed** to terminate classification and Dr. John Wananunu as defendants on the docket.

### IV. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Sgt. Lee, Correctional Officer Fredricks, Sgt. Anderson, and Nurse Green in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 4, 2022, dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 5/12/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TYRONE HULL
172195
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Sgt. Lee - STAFF
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Correctional Officer Fredricks- STAFF
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Sgt. Anderson- STAFF
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362

Nurse Green- MEDICAL STAFF
New Castle Correctional Facility
1000 Van Nuys Road
P.O. Box E
New Castle, IN 47362